NO. 07-05-0464-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 23, 2006



______________________________




EX PARTE R. WAYNE JOHNSON, 



_________________________________



OPINION ON MOTION FOR REHEARING



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 We previously dismissed the appeal of relator R. Wayne Johnson for failure to pay
the requisite filing fee as directed by the court. We now have before us a document filed
by relator indicating that the date cited in our original opinion as the date he filed his notice
of appeal should have been December 9, 2005, instead of December 15, 2005. We will
treat his pleading as a motion for rehearing, and we concede that appellant is correct.

 Nevertheless, this error has no effect on our original disposition of relator's appeal. 
Accordingly, we overrule his motion for rehearing.


 Per Curiam 


 Article 11.072, added to the Code of Criminal Procedure in 2003, sets forth the
procedures for an application for a writ of habeas corpus in a felony or misdemeanor case
in which an applicant seeks relief from an order placing the applicant on community
supervision. A clerk's record has been filed, and reflects that appellant filed an application
for writ of habeas corpus in the trial court on April 2, 2007, and two amended applications,
the second on May 2, 2007. The State filed an answer to his original application. The
record, however, does not reflect a signed order entered by the trial court addressing
appellant's application.

 On September 24, 2007, the State filed a motion to abate this appeal, also
indicating that the trial court has not yet entered an order. 

 The statute provides, in section 6, time periods within which a trial court is to take
action on applications. The statute does not say, however, that a court's failure to enter
an order by a particular date constitutes denial of the application. See Tex. Code Crim.
Proc. Ann. art. 11.072, § 6, 7 (Vernon 2003). Section 8 of article 11.072 provides for
appeal by the applicant "[i]f the application is denied in whole or part . . . ." Because the
trial court has not denied appellant's application by written order, his notice of appeal is
premature. Tex. R. App. P. 27.1(b). (2) 

 Section 8 of article 11.072 refers to Rule 31 of the Rules of Appellate Procedure.
Accordingly, subject to the requirements of other applicable rules, the Court directs the trial
court clerk to prepare, certify and file with this Court's clerk a supplemental clerk's record
reflecting the trial court's disposition of appellant's application for writ of habeas corpus,
within ten (10) days of the date of the trial court's order. Tex. R. App. P. 31.1.

 It is so ordered.


 Per Curiam


Do not publish.


 
1. The orders were signed April 17, 2006, in trial court cause numbers 51224-A and
51225-A, both deferring appellant's adjudication for the offenses of possession of child
pornography and placing him on community supervision. Appellant appealed from the
orders. We dismissed his appeals on September 15, 2006, based on the trial court's
certifications under Rule of Appellate Procedure 25.2 that he had no right of appeal. 
Jessup v. State, 2006 WL 2660776 (Tex.App.-Amarillo 2006, pet. ref'd). 
2. Because we view appellant's notice of appeal as premature under these
circumstances, we consider it unnecessary to abate the appeal. Accordingly, we deny the
State's motion, while acknowledging that this order has much the same effect.